Argued April 5, reversed June 3, 1965

CHRISTIANSON ET UX *v.* STATE TAX COMMISSION

402 P. 2d 743

*Carlisle B. Roberts,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Robert Y. Thornton, Attorney General, and Carl N. Byers, Assistant Attorney General, Salem.

*Darst B. Atherly,* Eugene, argued the cause for respondents. With him on the brief were Thwing, Ferris, Atherly & Butler, Eugene.

Before MCALLISTER, Chief Justice, and PERRY, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

O'CONNELL, J.

This is a suit to set aside an order of defendant assessing a tax deficiency against plaintiffs. Defendant appeals from a decree of the Oregon Tax Court overruling defendant's demurrer to plaintiffs' complaint. 2 OTC Adv Sh 49 (Dec. 1964).

Plaintiffs sold certain property at a price which resulted in a capital gain. The full amount of the capital gain was applied upon the purchase price of residential property for plaintiffs' personal use.

ORS 316.406 to 316.450 provide for "special treatment of capital gains," affording the taxpayer an opportunity to reduce his personal income tax if he invests a capital gain in certain qualifying investments.

ORS 316.414 (1) provides:

"(1) Capital gains for any tax year qualify for special treatment under ORS 316.434 to 316.450

to the extent that the taxpayer makes a good faith investment as provided in ORS 316.414 to 316.432 of such capital gains in qualifying investments listed in ORS 316.420."

ORS 316.420 (1) then provides:

"(1) A qualifying investment under ORS 316.414 is:

"(a) Real property in Oregon.

"(b) Investment in a corporation determined to be a qualifying corporation under ORS 316.426 on the date the investment is made.

"(c) Investment in partnership qualifying under subsection (2) of this section.

"(d) Investment as a sole proprietor in a business qualifying under subsection (3) of this section.

"(e) Mortgages on real property located in Oregon if the mortgage is for a period of three years or more.

"(f) Payments made by the taxpayer on a loan made to the taxpayer if the proceeds of the loan are invested in an investment that qualifies under paragraphs (a) to (e) of this subsection."

The trial court assumes that the employment of money in the purchase of a personal residence is an "investment" of capital. This is not the ordinary usage of that term. Generally the word "investment" is used to describe the employment of capital for the purpose of obtaining income or profit.[1] In our

---

[1] Webster's New International Dictionary, (2d ed 1961) contains five definitions of the term "investment," but only one relates to an expenditure of capital:

"2. The investing of money or capital in some species of property for income or profit; the sum invested or the property purchased."

Accord: Black's Law Dictionary, 960 (1951); Ballentine, Law Dictionary with Pronunciations, 682 (1930). See also cases cited under 22A Words and Phrases, 231 et seq (1958).

previous cases we have treated the term as having this connotation.[2]

The most that can be argued in favor of the taxpayers is that the term "investment" as used in ORS 316.414 is ambiguous. However, this does not help them because resort to other sections of the Oregon tax statutes resolves the ambiguity in favor of the tax commission.[3]

The interpretation adopted by the lower court runs counter to the general pattern of tax law relating to personal residences. The expenditure of money for a personal residence is not regarded under either federal or Oregon tax statutes as an outlay of capital in a business sense. Thus a loss incurred in the sale of a personal residence is not deductible as a tax loss and depreciation of a personal residence is not

---

[2] Blue River Sawmills et al v. Gates et al, 225 Or 439, 472, 358 P2d 239 (1961) (definition of "investment" as comprehending "the investing of money for income or profit" given as an aid in understanding witness' testimony that a given transaction was an "investment"); Eastern & Western Lbr. Co. v. Patterson, 124 Or 112, 122, 258 P 193, 264 P 441, 60 ALR 528 (1928), aff'd., 278 US 581, 49 S Ct 184, 73 LEd 518 (citing several definitions, all containing the element of profit or income motivation, on the question of the location of title and control of invested funds).

[3] ORS 316.281 deals with exchanges of various types of property, solely in kind. Various classes of property or types of exchanges are treated in the first seven subsections. Subsection (1) deals generally with "property held for productive use in trade or business or for investment," with several exceptions some of which appear in later subsections. Residences are not mentioned in subsection (1), but are treated instead in subsection (6) as "property * * * used by the taxpayer as his principal residence." This separation of "property held for investment" from "property used as his principal residence" is persuasive authority that the legislature viewed the two as distinct.

This same pattern is found in § 1031 (dealing with property held for investment) and § 1034 (dealing with property used as a principal residence) of the federal Internal Revenue Code.

allowed as a deduction.[4] It is reasonable to assume that if the legislature had intended the purchase of a residence to be given favored tax treatment the statute would have expressly so provided. Elsewhere in the statutes personal residences are expressly mentioned when the owner is given a favored tax treatment.[5]

■■ Plaintiffs point out that the category "Real property in Oregon" in subsection (a) of ORS 316.420 (1) is not modified by the words "investment in" and that the other categories in ORS 316.420 (1) are so modified. We attach no significance to this difference. When ORS 316.414 (1) and ORS 316.420 (1) are read together it is clear that the purchase of real property in Oregon is given favored treatment only if the capital gain is *invested* in it.

The decree of the lower court is reversed.

---

[4] Loss deductions are governed by § 165 (c) of the Internal Revenue Code and by ORS 316.320. See Mertens, Law of Federal Income Taxation, § 28.78 at p. 344 (1964) on the applicability of loss deductions to residential property.

Depreciation deductions are governed by § 167 of the Internal Revenue Code and ORS 316.335 (1). See Mertens, Law of Federal Income Taxation, § 23.53 at pp. 130-131 (1964) on the applicability of the depreciation deduction to residential property.

[5] E.g., ORS 316.281 (6).